# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### CINCINNATI DIVISION

| | |
|---|---|
| **ASBESTOS WORKERS LOCAL NO. 8 RETIREMENT TRUST PLAN,** | * Case No. 1:23-cv-369 |
| *Plaintiff,* | * |
| | * |
| v. | * |
| **R. KELLY, INC., RAYMOND KELLY, JR., AND SHARON D. KELLY,** | * **COMPLAINT FOR WITHDRAWAL** |
| | * **LIABILITY** |
| *Defendants.* | * |

Plaintiff Asbestos Workers Local No. 8 Retirement Trust Plan ("Plaintiff" or "Fund") states its complaint as follows:

## JURISDICITION AND VENUE

1.      This is an action for collection of withdrawal liability, interest, and liquidated damages incurred by Defendants Raymond Kelly, Jr. and Sharon D. Kelly as a result of controlled group R. Kelly Inc.'s complete withdrawal from a multiemployer pension plan in or about June 2020.

2.      This action arises under the Employee Retirement Income Security Act of 1974 (ERISA), as amended by the Multiemployer Pension Plan Amendments Act of 1980 (MPPAA), 29 U.S.C. § 1001 et seq.  This Court has jurisdiction over this action under Sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), and 1451(c).

3.      Venue is proper in this Court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), because all Defendants reside in this District and Division.

## PARTIES

4.      Plaintiff Fund is a multiemployer pension plan within the meaning of Sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5.      The Board of Trustees of the Pension Fund is authorized to administer the Pension Fund.

6.      Pursuant to Sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Board of Trustees is authorized to bring this action on behalf of the Pension Fund, its participants, and its beneficiaries for the purpose of collecting withdrawal liability.

7.      Defendant R. Kelly, Inc. was, at all times relevant, an employer incorporated under the laws of the State of Ohio and maintained its principal place of business in Cincinnati, Ohio.

8.      Defendant R. Kelly, Inc. is an "employer" in "commerce" or "affecting commerce" within the meaning of 29 U.S.C. §§ 1002(1), (5), and (12) and within the meaning of 29 U.S.C. §§ 152(2), (5), and (7).

9.      Defendant Raymond Kelly, Jr. is a natural person and resident of Cincinnati, Ohio.

10.     Defendant Raymond Kelly, Jr. is and was, at all times relevant, a member of the same controlled group as R. Kelly, Inc. within the meaning of the Internal Revenue Code

and ERISA, 29 U.S.C. §§ 1301(b)(1) and 1401(f)(3)(B) because he, among other things, engaged in a sole proprietorship or partnership that leased real estate for business purposes and, through attribution rules, is considered a 100% owner of both the real estate business and R. Kelly, Inc.

11.     Defendant Sharon D. Kelly is a natural person and resident of Cincinnati, Ohio.

12.     Defendant Sharon D. Kelly is and was, at all times relevant, a member of the same controlled group as R. Kelly, Inc. within the meaning of the Internal Revenue Code and ERISA, 29 U.S.C. §§ 1301(b)(1) and 1401(f)(3)(B) because she, among other things, engaged in a sole proprietorship or partnership that leased real estate for business purposes and, through attribution rules, is considered a 100% owner of both the real estate business and R. Kelly, Inc.

## FACTUAL BACKGROUND

13.     R. Kelly, Inc. executed many collective bargaining agreements with Asbestos Workers Local No. 8 ("Union") over the years under which R. Kelly, Inc. was required to remit contributions to the Fund on behalf of participating employees.

14.     Through the many collective bargaining agreements with the Union, R. Kelly, Inc. also became bound to the Fund's Trust Agreements ("Trust Agreement") and Plan Documents, under which R. Kelly, Inc. was obligated to submit contributions to the Fund on behalf of its participating employees.

15.     Defendant Raymond Kelly, Jr., at all times relevant, owned 100% of the outstanding shares of R. Kelly, Inc.

16.     Defendant Raymond Kelly, Jr., since at least 2005, was a landlord of, and

collected rent from R. Kelly, Inc. in connection with, R. Kelly Inc.'s headquarters at 7645 Production Drive Cincinnati, OH 45237.

17. Defendant Sharon D. Kelly, since at least 2005, was married to Raymond Kelly, Jr., the sole owner of R. Kelly, Inc.

18. Defendant Sharon D. Kelly, through spousal attribution rules, was deemed to have owned 100% of the outstanding shares of R. Kelly, Inc. since at least 2005.

19. Defendant Sharon D. Kelly, since at least 2005, was deemed to have owned 100% of an unincorporated business organization that leased real estate for profit, namely R. Kelly Inc.'s headquarters located at 7645 Production Drive Cincinnati, OH 45237.

20. Since at least 2005, Defendant Sharon D. Kelly, as a sole proprietor (or in a partnership with her husband), was a landlord and collected rent in connection with the real property located at 7645 Production Drive Cincinnati, OH 45237.

21. On or before June 30, 2020, R. Kelly, Inc. permanently ceased to have an obligation to contribute to the Fund and permanently ceased making contributions to the Fund, thereby effectuating a complete withdrawal from the Fund, as defined in Sections 4203 and 4041a of ERISA, 29 U.S.C. §§ 1383 and 1341a.

22. At the time of R. Kelly Inc.'s complete withdrawal from the Fund, Defendant Raymond Kelly, Jr., in his individual capacity, was engaged in a trade or business of renting property.

23. At the time of R. Kelly Inc.'s complete withdrawal from the Fund, Defendant Sharon D. Kelly, as a sole proprietorship (or partnership with her husband), was engaged in a trade or business of renting real estate for a profit.

24. Pursuant to Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2)

4

and 1399(b)(1), the Fund notified R. Kelly, Inc. and all members of the same controlled group, which included Defendants Raymond Kelly, Jr. and Sharon D. Kelly, of the withdrawal liability by letter dated January 31, 2022.

25.     Enclosed with the letter was a calculation of said withdrawal liability.

26.     Plaintiff Fund further notified R. Kelly, Inc. and all members of the same controlled group, which included Defendants Raymond Kelly, Jr. and Sharon D. Kelly, that they could pay withdrawal liability in one lump sum payment or in monthly payments commencing within 30 days from the date of the notice.

27.     Plaintiff Fund further advised R. Kelly, Inc. and all members of the same controlled group, which included Defendants Raymond Kelly, Jr. and Sharon D. Kelly, that if payments were not made when due delinquency charges would attach and that failure to make a required payment within sixty (60) days after a written notice and demand from the Fund could result in acceleration of the total balance then outstanding.

28.     The Withdrawal Liability Assessment is attached hereto and incorporated herein.

29.     Pursuant to 29 U.S.C. § 1399(b)(2)(A), Defendants R. Kelly, Inc., Raymond Kelly, Jr., and Sharon D. Kelly had 90 days from which they received the notice of the Withdrawal Liability Assessment to request that the Fund review the initial determination.

30.     Pursuant to 29 U.S.C. § 1401, Defendants R. Kelly, Inc., Raymond Kelly, Jr., and Sharon D. Kelly had 180 days from the date they requested review of the notice of the Withdrawal Liability Assessment to demand arbitration.

31.     Defendants R. Kelly, Inc., Raymond Kelly, Jr. and Sharon D. Kelly did not request a review of the initial Withdrawal Liability Assessment in a timely manner.

32.    Defendants R. Kelly, Inc., Raymond Kelly, Jr., and Sharon D. Kelly did not demand arbitration in a timely manner.

33.    On or about May 3, 2022, the Fund notified R. Kelly, Inc. and all members of the controlled group, which included Defendants Raymond Kelly, Jr. and Sharon D. Kelly, that their monthly payments were delinquent and that the Fund would accelerate payments if the monthly payments were not received within sixty (60) days.

34.    Defendants R. Kelly, Inc., Raymond Kelly, Jr., and Sharon D. Kelly have not made any monthly withdrawal liability payments to the Fund as of the date of this filing, and no exemption or exception applies.

## FIRST CLAIM FOR RELIEF

35.    Plaintiff incorporates the above paragraphs as if fully rewritten herein.

36.    Defendants R. Kelly, Inc., Raymond Kelly, Jr., and Sharon D. Kelly were required to make monthly withdrawal payments beginning no later than 30 days from the date of the assessment, pursuant to Plan documents and/or 29 U.S.C. § 1399(c)(1).

37.    The Fund sent a default notice to R. Kelly, Inc. and all members of the controlled group, which included Defendants Raymond Kelly, Jr. and Sharon D. Kelly, on or about May 3, 2022.

38.    To date, Defendants R. Kelly, Inc., Raymond Kelly, Jr., and Sharon D. Kelly have not made any monthly payments to the Fund.

39.    Given the failure to make any monthly payments within 60 days of the default notice, Defendants R. Kelly, Inc., Raymond Kelly, Jr., and Sharon D. Kelly are now in default.

40.    As a result of Defendants R. Kelly, Inc.'s, Raymond Kelly, Jr.'s, and Sharon D.

6

Kelly's default, the Fund demands immediate payment of the outstanding amount of R. Kelly's withdrawal liability, plus accrued interest on the total outstanding liability from the due date of the first payment which was not timely made, pursuant to 29 U.S.C. § 1399(c)(5).

### SECOND CLAIM FOR RELIEF

41.     Plaintiff incorporates the above paragraphs as if fully rewritten herein.

42.     To the extent Defendants R. Kelly, Inc., Raymond Kelly, Jr., Sharon D. Kelly desired to challenge the assessment of withdrawal liability, they had one hundred eighty (180) days from any request for review to demand arbitration under 29 U.S.C. § 1401(a)(1)(B).

43.     Neither Defendant R. Kelly, Inc. nor Defendants Raymond Kelly, Jr. and Sharon D. Kelly  requested review of the notice of the Withdrawal Liability Assessment or submitted a timely demand for arbitration.

44.     Given their failure to submit a timely demand for arbitration within 180 days of their deadline to make a request for review, Defendants R. Kelly, Inc., Raymond Kelly, Jr., and Sharon D. Kelly have forever waived their rights to challenge the Fund's assessments of withdrawal liability.

45.     Despite the waiver, Defendants R. Kelly, Inc., Raymond Kelly, Jr., and Sharon D. Kelly have failed to pay the full amount of the withdrawal liability.

46.     Defendants R. Kelly, Inc.'s, Raymond Kelly, Jr.'s and Sharon D. Kelly's failure to pay withdrawal liability is treated in the same manner as a delinquent contribution pursuant to 29 U.S.C. § 1451(b).

47.     ERISA and the plan require Defendants R. Kelly, Inc., Raymond Kelly, Jr., and

Sharon D. Kelly to make payments for withdrawal liability once assessed and to challenge same in accordance with ERISA and the plan.

48.    Defendants R. Kelly, Inc., Raymond Kelly, Jr., and Sharon D. Kelly have failed to make payments and challenge the Withdrawal Liability Assessment in accordance with ERISA and the Plan Documents.

49.    Accordingly, the Fund demands payment for withdrawal liability in the amount of $6,695,269.00 under 29 U.S.C. § 1145, plus interest, liquidated damages, attorney's fees, and costs.

WHEREFORE, Plaintiffs request this Court enter the following relief:

A.  That Judgment be entered in favor of the Fund and against Defendants R. Kelly, Inc., Raymond Kelly, Jr., and Sharon D. Kelly for the unpaid withdrawal liability;

B.  That judgment be entered in favor of the Fund and against Defendants R. Kelly, Inc., Raymond Kelly, Jr., and Sharon D. Kelly for liquidated damages and interest calculated pursuant to 29 U.S.C. §§ 1399(c)(6) and 1132(g);

C.  That Defendants R. Kelly, Inc., Raymond Kelly, Jr., and Sharon D. Kelly pay the Fund's reasonable attorney's fees and costs pursuant to 29 U.S.C. § 1132(g);

D.  That Plaintiff has such other and further relief as this Court may deem just and equitable all at Defendants cost pursuant to 29 U.S.C. § 1132(g).

Respectfully submitted,

MANGANO LAW OFFICES CO., LPA

s/Ryan K. Hymore
Ryan K. Hymore (0080750)
4030 Smith Road, Suite 200
Cincinnati, Ohio 45209
T. (513) 255-5888
F: (216) 397-5845

rkhymore@bmanganolaw.com

*Counsel for Plaintiff*